J-S24039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARON DAVIS | : | |
| | : | |
| Appellant | : | No. 1972 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 17, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-51-CR-0001064-2017

BEFORE:   BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

DISSENTING MEMORANDUM BY BENDER, P.J.E.:      Filed: October 29, 2020

I respectfully dissent with respect to the Majority's position that the PCRA court did not err in dismissing, *without a hearing*, Appellant's claims that his guilty plea counsel was ineffective for causing Appellant to enter an involuntary or unknowing plea, and/or that the plea was unlawfully induced for similar reasons.

As our Supreme Court has made clear, we must remand for an evidentiary hearing "in cases where the PCRA court declined to hold a hearing, and where an assessment of witness testimony was essential to a petitioner's ineffectiveness claims…." **Commonwealth v. Johnson**, 966 A.2d 523, 540 (Pa. 2009).  This is so that the PCRA court can assess the witness and make credibility determinations based upon live testimony.  **Id.** at 539 (noting that

_____

[*] Retired Senior Judge assigned to the Superior Court.

"one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made; otherwise, issues of material fact could be decided on pleadings and affidavits alone").

With respect to both issues, the Majority reviewed both the written and oral guilty plea colloquies, noting that those colloquies conformed to the appropriate legal standards. The Majority found no evidence in the record that Appellant's plea was unlawfully induced, or that plea counsel caused Appellant to enter the plea unknowingly or involuntarily. With this much of the Majority's decision, I fully agree.

However, neither Appellant nor plea counsel testified regarding their discussions prior to and during the guilty plea hearing. Thus, the PCRA court either did not assess the credibility of Appellant's accusations at all, or preemptively determined that the accusations were not credible before Appellant had an opportunity to testify about them. While I agree that the plea colloquies at issue may ultimately undermine the credibility of Appellant's accusation that he was manipulated into pleading guilty, that record must nonetheless be weighed against Appellant's testimony, not merely against averments he made in his PCRA petition.

Here, I believe Appellant's testimony is essential to both his ineffectiveness and unlawful inducement claims. In essence, Appellant is maintaining that his statements in the written and oral plea colloquies were not truthful. *See* Appellant's Brief at 21 ("Appellant raised a genuine issue of material fact that he was coerced into entering a guilty plea and was

overwhelmed by Trial Counsel and the [c]ourt to answer positively when asked if he was satisfied with Trial Counsel, and also to answer negatively when asked if he was coerced into entering the guilty plea."). Because this presents a genuine issue of material fact turning on a credibility assessment, I believe the PCRA court erred by not holding an evidentiary hearing to assess the credibility of Appellant's accusations.

Accordingly, I respectfully dissent.